IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNSON WALTER BURRIS, #1745516 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv1130 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATIONOF THE UNITED STATES MAGISTRTE JUDGE

Petitioner Johnson Walter Burris, *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging the illegality of his conviction. The cause of action was referred to the United States Magistrate Judge, the Honorable Judge John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

### I. Procedural Background

In October 2011, a jury convicted Burris of one count of first-degree murder. He was sentenced to life imprisonment. Burris filed a direct appeal and his conviction was affirmed by the Twelfth Court of Criminal Appeals on August 30, 2012, in cause number 12-11-00359-CR. *See Burris v. State*, 2012 WL 3793268 (Tex. App.—Tyler 2012, pet. ref'd) (mem. op. unpublished). The Texas Court of Criminal Appeals then refused his petition for discretionary review in March 2013, PDR no. 1417-12. Burris then filed a state application for a writ of habeas corpus in June 2014, which the Court of Criminal Appeals denied, without a written order, on October 14, 2015. Burris then filed this timely federal habeas petition on October 16, 2015.

### II. Burris's Federal Claims

In his federal petition, Burris first insisted that he is actually innocent and that his "further incarceration offends federal due process." He also maintained that counsel was ineffective for failing to (1) investigate defenses; (2) advance defensive theories available; (3) call a witness who

1

could have exonerated him; (4) hire a private investigator/experts; (5) object to a defective charge; (6) object to the prosecutor's improper closing; (7) demand a copy of alleged laboratory report; (8) object and challenge the DPS DNA analysis for comparison purposes; (9) challenge the trial court's competency conclusion; (10) file a motion to suppress pretrial statements; (11) conceding his guilt; (12) contest the State's forensic examiner as an expert; (13) investigate an alternate suspect; (14) use funds provided for an investigator; (15) object to a purported *Brady* violation; (16) obtain an expert in DNA analysis; (17) present one witness on behalf of the defense during the guilt/innocence stage and punishment stage; (18) object to the prosecutor's remark, "we know he drugged her"; (19) object to the court allowing defense counsel only thirty minutes to review the PSI and psychological evaluation; (20) tell the truth that he was hired by family; (21) interview any of the State's witnesses before trial; and, finally, (22) tell the truth that there was no "second chair" during the proceedings.

Burris also maintained that the trial committed several errors. Specifically, he insisted that the trial court abused its discretion by (1) allowing the State to use items that belonged to complainant to create a DNA profile; (2) allowing the State to testify that it had located another suspect, Paul Supple, who provided a DNA sample that eliminated him as a suspect; (3) failing to swear-in a state witness; (4) failing to consider his psychological evaluation; (5) failing to allow more time for the defense to review the PSI and psychological evaluation; (6) overruling an objection to the State never providing the defense with certain exhibits; (7) overruling defense counsel's Rule 702 objection; and (8) failing to allow a lesser-included offense instruction on abuse of a corpse and tampering with evidence.

In response, Respondent argued that Burris's claim regarding actual innocence is not cognizable and that all his contentions concerning trial counsel's purported ineffectiveness and trial court error are without merit. Burris did not file a reply to Respondent's response.

After a review of the pleadings and state court records, Judge Love issued a Report, (Dkt. #26), recommending that Burris's habeas petition be dismissed, with prejudice, and that he also be denied a certificate of appealability. Burris has filed timely objections, (Dkt. #31).

**III. Standard of Review**

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**IV. Burris's Objections and Discussion**

In his objections, Burris re-lists all his federal claims and notes that "facts were presented to the Court that were left unadjudicated or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."

He also opines that the state court denied his claim concerning the prosecutor's alleged improper argument "without a written order, without [] findings of fact or conclusions of law that should have been submitted with the state habeas application." As a result, he argues, "the state court's adjudication of his claim was unreasonable and cannot be relied upon for resolution." Burris then maintains that he has presented various constitutional violations and that "the convicting court that was presented with the first habeas application did not file with the application a 'finding of facts or conclusion of law.'" He contends that the habeas court's denial without a written order has no support.

4

Burris's objections are wholly without merit. First, any alleged infirmities within state habeas proceedings are not grounds for federal relief. *See Haynes v. Quarterman*, 526 F.3d 189, 195 (5th Cir. 2008); *see also Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001) ("That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.").

Furthermore, and more importantly, the failure to enter express findings of fact does not preclude deference under the AEDPA because "[a]s a federal court, we are bound by the state habeas court's factual findings, **both implicit and explicit**." *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) (emphasis supplied); *see also Becerril v. Quarterman*, 2007 WL 1701869 *4 (S.D. Tex.—Houston Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief. A federal court is bound by the state habeas court's factual findings, both implicit and explicit.") (citation omitted).

Burris's objections concern the failure of the state court to issue explicit findings of fact or conclusions of law with respect to his state habeas application. However, in recommending a denial of his habeas application to the Texas Court of Criminal Appeals and that court's subsequent denial of his habeas application without a written order, the state court made implicit factual findings and conclusions of law—which this Court is bound by under the AEDPA. Accordingly, Burris's objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de*

5

*novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections are overruled and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. Further, it is

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is also

**ORDERED** that the Petitioner Burris is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
**Jan 22, 2019**

_____
Ron Clark, Senior District Judge